[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APR 06, 2001
THOMAS K. KAHN
CLERK

_____

No. 99-14419

_____

D. C. Docket No.95-00114-CV-WLS-1-2

YORK INSURANCE COMPANY,

                            Plaintiff-Appellee,

versus

WILLIAMS SEAFOOD OF ALBANY, INC.,
WEBB PROPERTIES, INC., and
OXFORD CONSTRUCTION COMPANY, INC.

                            Defendants-Appellants.

_____

Appeal from the United States District Court
for the Middle District of Georgia

_____

**(April 6, 2001)**

Before TJOFLAT, WILSON and FLETCHER*, Circuit Judges.

_____
*Honorable Betty B. Fletcher, U.S. Circuit Judge for the Ninth Circuit, sitting by designation.

WILSON, Circuit Judge:

We now revisit this case upon its return to us from the Georgia Supreme Court, to which we certified a question of Georgia state law. *See York Ins. Co. v. Williams Seafood of Albany, Inc.*, 223 F.3d 1253 (11th Cir. 2000).

The facts, briefly, are that York Insurance Company ("York") issued a policy of insurance to Williams Seafood of Albany, Inc., Webb Properties, Inc., and Oxford Construction Company, Inc. ("Williams") covering Williams's restaurant. Following a flood, the restaurant collapsed into a sinkhole, suffering a total loss. Williams then filed a claim with York, asking York to cover the loss. York denied Williams's claim because its investigation revealed that the loss was caused directly or indirectly by the flood, which was an excluded precipitating event. York next sought from the district court a declaratory judgment that the loss was not covered. After a bench trial, the district court granted York a declaratory judgment absolving York of all liability for Williams's collapsed building loss. Williams appealed to this Court.

After hearing oral argument in the case, we determined that the pivotal issue turned on an unresolved question of Georgia law. We therefore certified to the Georgia Supreme Court the following question: "Where the 'exclusions' section of an insurance policy excludes coverage for damage resulting directly or

2

indirectly from floods, but the 'additional coverage - collapse' section specifically includes sinkhole collapse damage, does the policy cover damage produced by a sinkhole collapse that was precipitated by a flood?" *York*, 223 F.3d at 1256.

The Georgia Supreme Court has answered our certified question; the Court responded, "we answer the question in the affirmative and hold that the policy covers damage produced by a sinkhole collapse that was precipitated by a flood." *York Ins. Co. v. Williams Seafood of Albany, Inc.*, Ga., 2001, __ S.E.2d __ (No. S00Q23003, March 19, 2001). Thus, under Georgia law, York's insurance policy covered Williams's loss. It follows that the district court's grant of a declaratory judgment to York absolving York of liability for Williams's loss was in error. Accordingly, we REVERSE the district court's grant of a declaratory judgment, and REMAND for further proceedings.

REVERSED and REMANDED.